**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**JAMES B. ROLLINS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:22CV-P162-JHM**

**WARDEN TIM LANE *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff James B. Rollins filed the instant *pro se* 42 U.S.C. § 1983 action. The case is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. Plaintiff filed his original complaint (DN 1) and later filed a second complaint form which was docketed as an amended complaint (DN 8). Because the second complaint form alleges events occurring after Plaintiff filed the original complaint, the Court will construe the second complaint form as a supplemental complaint. *See* Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). The Court will conduct an initial review of the original and supplemental complaint. For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a convicted inmate at the Green River Correctional Complex (GRCC) when he filed this action and has since been transferred. In the original complaint, Plaintiff sues Tim Lane, the Warden of GRCC; the "Department of C," which the Court construes as the Kentucky Department of Corrections (KDOC); and Quetin Gordan, identified as a "UA1" at GRCC. In the supplemental complaint, Plaintiff sues the "D. of Corrections," which the Court construes as the KDOC; Cookie Crews, the KDOC Commissioner; GRCC Warden Lane; and Stacey Gibson, the

Deputy Warden of GRCC. He indicates that he is suing all Defendants in their official capacities only.

In the original complaint, Plaintiff states as follows:

> When I arrived at this institution my lawyer had his secretary call to this institution to advise them I can call my lawyer anytime after 4:00 p.m. I was granted an attorney call at 3:00 p.m. which is 4:00 p.m. in Louisville & this took place the 2nd month I was here. Now that UA Gordon has discriminated against me, with a criminal case pending he refuses to give me an attorney call which is considered my 6th amendment constitutional right.

Plaintiff reports that on October 24, 2022, he received correspondence from Deputy Commissioner Randy White "who advised me I can call, write, or visit my attorney as necessary, but UA Gordon continues to refuse me an attorney call here."

Plaintiff states that he has "a mental problem & going through a life & death situation back home. This is causeing me to be stressed to the point that Im causeing harm to myself which UA Gordon didn't defuse & allowed me to do it." He asserts, "Im currently being [illegible] on grievance but a copie is added: forwarded to the Ombudsman." Plaintiff alleges that he cannot contact "my criminal lawyer" and that they are "playing mental games which is playing with my mental capacity." He states that this has caused him to "jeopardize my wellbeing." He states, "I copie of my securus account will verify UA Gordon has granted me a call."

Plaintiff files several attachments to his original complaint. One is a memorandum addressed to him from Defendant Gibson, which, pertinent to this action, states, "Regarding your requests to call your attorney, you may write your attorney. If your attorney wishes to schedule a phone call, they may contact your Case Worker. Your attorney may also schedule an attorney visit with you." Another attachment is a memorandum to Plaintiff from a KDOC Administrative Specialist, which states, "Another letter was received 11/10/22 regarding an attorney call. This

was forwarded to Deputy Warden Stacey Gibson for review. The Warden stated that if your attorney requests a meeting or call it will be arranged."

In the supplemental complaint, Plaintiff states that he received a grievance response from Defendant Lane and that he "agreed with I.A. who both stated there's postal delays in mail." He states, "On 10/17/22 I was convicted of a criminal offense which case # is 22-CI-00389.[1] Now on October 24, 2022 I received a response from D. Commissioner, who states: you may call, write to, or visit with your attorneys as necessary." Plaintiff states that he filed a grievance on November 17, 2022, "about my right to my attorney call." He states that on November 28, 2022, Defendant Gibson "denied my attorney call stateing that I haven't provided any documentation, but the UA has verified that I have a pending case which is an inmates protocol while in SMHU, which is chain of command." Plaintiff further asserts that on December 5, 2022, Defendant Lane stated that under Corrections Policies and Procedures, "it shall be the policy of Corrections to provide an inmate with the opportunity to contact the courts by a variety of methods including: 1. Contact with an attorney, telephone, mail, visit, which goes back to the D. Commissioner's response which grants me my right."

Plaintiff alleges that Defendants Lane and Gibson are "attempting to use my houseing to violate my 6th amendment constitutional right which is assistance of counsel for my defense." He continues, "Warden Lane stated I have been provided sufficient access & materials to write my attorney, but is the same warden who concurred in saying there's postal delays in the mail." Plaintiff further states, "There isn't any justifications when I was granted one in the past. My

[1] A search of electronic court records from Muhlenberg County, where GRCC is located, shows that Case No. 22-CI-389 is a civil case which Plaintiff filed against Warden Tim Lane in Muhlenberg Circuit Court on November 9, 2022. The case was dismissed on February 14, 2023. *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance (accessed May 2, 2023).

criminal case is with the institution & this is why all of the justifications are being made & Im doing this on principal because there intentionally violateing my 6th amendment."

As relief, Plaintiff seeks compensatory damages; "dismiss UA Gordan to CTO"; and "dismissal from job title."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less

stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### A. KDOC and official-capacity claims

Plaintiff sues the KDOC and sues each individually named Defendant in his or her official capacity only. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's claim against the KDOC and his official-capacity claims against all other Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

With regard to any demand for injunctive relief, an inmate's release from prison or transfer to another prison moots his request for injunctive relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

Because Plaintiff is no longer incarcerated at GRCC, any request for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

***B. Individual-capacity claims***

The complaint and supplemental complaint are subject to dismissal on the above grounds. The Court may, however, allow Plaintiff to amend his complaint to sue Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act])." However, before doing so, the Court first considers whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at] 951 . . ., and leave to amend should be denied if the amendment would be futile.").

Plaintiff alleges that he was denied requests to call his lawyer in violation of the Sixth Amendment. The Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right, however, "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings." *Texas v. Cobb*, 532 U.S. 162, 167-68 (2001). Plaintiff indicates that he was a convicted prisoner during his incarceration at GRCC. He states that he was requesting to call his "criminal lawyer" but does not identify any criminal case or appeal in which he was attempting to proceed. The only case he does identify, Case No. 22-CI-00389, is a civil case which he filed against the GRCC Warden. Where a convicted prisoner "fails to allege that he was subject to any further criminal charges or that he was currently in the process of an appellate or collateral attack on his conviction during the relevant time," the prisoner fails to set forth a

plausible Sixth Amendment claim. *Ortiz-Medina v. Bradley*, No. 1:19-cv-2133, 2020 U.S. Dist. LEXIS 10715, at *17-18 (M.D. Pa. Jan. 22, 2020); *see also Love v. N.J. Dep't of Corr.*, No. 14-5629 (SDW), 2015 U.S. Dist. LEXIS 61678, at *13 (D.N.J. May 12, 2015).

However, even if Plaintiff's Sixth Amendment rights did attach during the relevant time, he has still failed to state a claim because he has not alleged that he did not have other, adequate, alternative means of communicating with his attorney. *See Jackson v. Coyn*, No. 3:17-cv-P61-DJH, 2017 U.S. Dist. LEXIS 83630, at *9-10 (W.D. Ky. June 1, 2017) (no constitutional violation based on telephone restrictions where plaintiff did not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits); *Thompson v. Causey*, No. 1:17-cv-P12-GNS, 2017 U.S. Dist. LEXIS 58656, at *3 (W.D. Ky. Apr. 8, 2017) (same); *Stamper v. Campbell Cnty.*, No. 2007-49 (WOB), 2009 U.S. Dist. LEXIS 63958 (E.D. Ky. July 24, 2009) (same); *Saunders v. Dickerson*, No. 1:07cv1094(LMB/BRP), 2008 U.S. Dist. LEXIS 48727, at *12 (E.D. Va. June 25, 2008) (pretrial detainee whose telephone privileges were suspended while in administrative segregation failed to state a Sixth Amendment claim; detainee could have written to attorney and had personal visits with him, and detainee did not show that alleged denial of access resulted in unfair prejudice).

It is clear from Plaintiff's pleadings and attachments that he was informed that he could write to his attorney and that, if he desired to speak with his attorney by phone, his attorney could call the prison to schedule a telephone call. Plaintiff points to "postal delays," but he fails to present any facts to explain how a delay in postal service prevented him from contact with his attorney. While Plaintiff may not been afforded his preferred method of contacting his attorney, he has failed to state a violation of the Sixth Amendment. Therefore, allowing Plaintiff to amend

his complaint to sue Defendants in their individual capacities would be futile because the claims would be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: May 3, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010