UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES B. ROLLINS                                                             PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:22CV-P162-JHM

WARDEN TIM LANE *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff James B. Rollins to amend the complaint after the dismissal of this *pro se* prisoner action (DN 18). For the reasons set forth below, the Court will deny the motion.

**I.**

Plaintiff was a convicted inmate at the Green River Correctional Complex (GRCC) at the time pertinent to the action. In the original complaint, Plaintiff sued Tim Lane, the Warden of GRCC; the "Department of C," which the Court construed as the Kentucky Department of Corrections (KDOC); and Quetin Gordan, identified as a "UA1" at GRCC. In the supplemental complaint, Plaintiff sued the "D. of Corrections," which the Court construed as the KDOC; Cookie Crews, the KDOC Commissioner; GRCC Warden Lane; and Stacey Gibson, the Deputy Warden of GRCC. He sued all Defendants in their official capacities only.

In the original complaint, Plaintiff stated as follows:

> When I arrived at this institution my lawyer had his secretary call to this institution to advise them I can call my lawyer anytime after 4:00 p.m. I was granted an attorney call at 3:00 p.m. which is 4:00 p.m. in Louisville & this took place the 2nd month I was here. Now that UA Gordon has discriminated against me, with a criminal case pending he refuses to give me an attorney call which is considered my 6th amendment constitutional right.

Plaintiff reported that on October 24, 2022, he received correspondence from Deputy Commissioner Randy White "who advised me I can call, write, or visit my attorney as necessary, but UA Gordon continues to refuse me an attorney call here."

Plaintiff stated that he had "a mental problem & going through a life & death situation back home. This is causeing me to be stressed to the point that Im causeing harm to myself which UA Gordon didn't defuse & allowed me to do it." He asserted, "Im currently being [illegible] on grievance but a copie is added: forwarded to the Ombudsman." Plaintiff alleged that he could not contact "my criminal lawyer" and that they were "playing mental games which is playing with my mental capacity." He stated that this has caused him to "jeopardize my wellbeing." He stated, "I copie of my securus account will verify UA Gordon has granted me a call."

Plaintiff filed several attachments to his original complaint. One was a memorandum addressed to him from Defendant Gibson, which, pertinent to this action, stated, "Regarding your requests to call your attorney, you may write your attorney. If your attorney wishes to schedule a phone call, they may contact your Case Worker. Your attorney may also schedule an attorney visit with you." Another attachment was a memorandum to Plaintiff from a KDOC Administrative Specialist, which stated, "Another letter was received 11/10/22 regarding an attorney call. This was forwarded to Deputy Warden Stacey Gibson for review. The Warden stated that if your attorney requests a meeting or call it will be arranged."

In the supplemental complaint, Plaintiff stated that he received a grievance response from Defendant Lane and that he "agreed with I.A. who both stated there's postal delays in mail." He stated, "On 10/17/22 I was convicted of a criminal offense which case # is 22-CI-00389.[1] Now on

---

[1] A search of electronic court records from Muhlenberg County, where GRCC is located, showed that Case No. 22-CI-389 was a **civil** case which Plaintiff filed against Warden Tim Lane in Muhlenberg Circuit Court on November 9, 2022. The case was dismissed on February 14, 2023. *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance (accessed May 2, 2023).

October 24, 2022 I received a response from D. Commissioner, who states you may call, write to, or visit with your attorneys as necessary." Plaintiff stated that he filed a grievance on November 17, 2022, "about my right to my attorney call." He stated that on November 28, 2022, Defendant Gibson "denied my attorney call stateing that I haven't provided any documentation, but the UA has verified that I have a pending case which is an inmates protocol while in SMHU, which is chain of command." Plaintiff further asserted that on December 5, 2022, Defendant Lane stated that under Corrections Policies and Procedures, "it shall be the policy of Corrections to provide an inmate with the opportunity to contact the courts by a variety of methods including: 1. Contact with an attorney, telephone, mail, visit, which goes back to the D. Commissioner's response which grants me my right."

Plaintiff alleged that Defendants Lane and Gibson were "attempting to use my houseing to violate my 6th amendment constitutional right which is assistance of counsel for my defense." He continued, "Warden Lane stated I have been provided sufficient access & materials to write my attorney, but is the same warden who concurred in saying there's postal delays in the mail." Plaintiff further stated, "There isn't any justifications when I was granted one in the past. My criminal case is with the institution & this is why all of the justifications are being made & Im doing this on principal because there intentionally violateing my 6th amendment."

Upon initial review of Plaintiff's original and supplemental complaints pursuant to 28 U.S.C. § 1915A, the Court dismissed the action finding that the claim against the KDOC and the official-capacity claims against all other Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief. The Court also found that allowing Plaintiff to file an amended complaint under

3

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), to sue Defendants in their individual capacities would be futile on the following basis:

> The Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right, however, "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings." *Texas v. Cobb*, 532 U.S. 162, 167-68 (2001). Plaintiff indicates that he was a convicted prisoner during his incarceration at GRCC. He states that he was requesting to call his "criminal lawyer" but does not identify any criminal case or appeal in which he was attempting to proceed. The only case he does identify, Case No. 22-CI-00389, is a civil case which he filed against the GRCC Warden. Where a convicted prisoner "fails to allege that he was subject to any further criminal charges or that he was currently in the process of an appellate or collateral attack on his conviction during the relevant time," the prisoner fails to set forth a plausible Sixth Amendment claim. *Ortiz-Medina v. Bradley*, No. 1:19-cv-2133, 2020 U.S. Dist. LEXIS 10715, at *17-18 (M.D. Pa. Jan. 22, 2020); *see also Love v. N.J. Dep't of Corr.*, No. 14-5629 (SDW), 2015 U.S. Dist. LEXIS 61678, at *13 (D.N.J. May 12, 2015).
>
> However, even if Plaintiff's Sixth Amendment rights did attach during the relevant time, he has still failed to state a claim because he has not alleged that he did not have other, adequate, alternative means of communicating with his attorney. *See Jackson v. Coyn*, No. 3:17-cv-P61-DJH, 2017 U.S. Dist. LEXIS 83630, at *9-10 (W.D. Ky. June 1, 2017) (no constitutional violation based on telephone restrictions where plaintiff did not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits); *Thompson v. Causey*, No. 1:17-cv-P12-GNS, 2017 U.S. Dist. LEXIS 58656, at *3 (W.D. Ky. Apr. 8, 2017) (same); *Stamper v. Campbell Cnty.*, No. 2007-49 (WOB), 2009 U.S. Dist. LEXIS 63958 (E.D. Ky. July 24, 2009) (same); *Saunders v. Dickerson*, No. 1:07cv1094(LMB/BRP), 2008 U.S. Dist. LEXIS 48727, at *12 (E.D. Va. June 25, 2008) (pretrial detainee whose telephone privileges were suspended while in administrative segregation failed to state a Sixth Amendment claim; detainee could have written to attorney and had personal visits with him, and detainee did not show that alleged denial of access resulted in unfair prejudice).
>
> It is clear from Plaintiff's pleadings and attachments that he was informed that he could write to his attorney and that, if he desired to speak with his attorney by phone, his attorney could call the prison to schedule a telephone call. Plaintiff points to "postal delays," but he fails to present any facts to explain how a delay in postal service prevented him from contact with his attorney. While Plaintiff may not been afforded his preferred method of contacting his attorney, he has failed to state a violation of the Sixth Amendment. Therefore, allowing Plaintiff to amend his complaint to sue Defendants in their individual capacities would be futile

because the claims would be dismissed for failure to state a claim upon which relief may be granted.

In the instant motion for leave to amend the complaint, Plaintiff states that on October 10, 2022, he received a response to a grievance in which Defendant Lane "agreed that there were postal delays in mail." He reports that on October 17, 2022, he "was convicted of an institutional rule infraction which caused him to petition the Muhlenberg Circuit Court for declaratory relief on November 9, 2022." He states that he filed a grievance about "being denied an opportunity to contact his attorney via phone" on November 17, 2022. Plaintiff asserts that on November 28, 2022, Defendant Gibson denied his request to make an attorney phone call and "stated that such denial was due to the Plaintiff's failure to provide documentation envincing his challenges in court." He further states that on December 5, 2022, Defendant Lane told him that under KDOC Policies and Procedures an inmate should be provided with "the opportunity to contact the courts by a variety of methods including: contact with an attorney, telephone, mail, visit. Despite Defendant Lane's acknowledgment of the postal delays in mail, he alleged that the Plaintiff was provided sufficient access and materials to write his attorney." Plaintiff alleges, "As a result of the Defendant's denials of Plaintiff's rights to legal communication and access to the courts, the plaintiff suffered a actual injury in that his civil action was dismissed on February 14, 2023."

Plaintiff further asserts, "The acts and omissions of Defendants Lane, Gordon, and Gibson in denying the Plaintiff the opportunity to contact his attorney constituted a violation of the First Amendment . . . regarding his rights to legal communication and access to court." He states, "The acts and omissions of Defendants Lane, Gordon, and Gibson in denying the Plaintiff the opportunity to challenge his conditions of confinement constituted a violation of the Fourteenth Amendment . . . regarding his right to equal protection of the law."

## II.

Although Rule 15(a) "plainly embodies a liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), there is a "heavier burden" when requests to amend are made after an adverse judgment. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60." *Morse*, 290 F.3d at 799. "'Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.'" *Pond v. Haas*, 674 F. App'x 466 (6th Cir. Dec. 30, 2016) (quoting *Leisure Caviar*, 616 F.3d at 616).

Rule 59(e) of the Federal Rules of Civil Procedure allows an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Because Plaintiff filed the instant motion within 28 days of the Court's dismissal order, the Court construes it as a Rule 59(e) motion to alter or amend the Court's judgment.

A motion to alter or amend a judgment will be granted only if there "is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "Rearguing the merits of a petitioner's claims is not an appropriate use of a motion to alter or amend." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, No. CV 12-91-GFVT, 2016 U.S. Dist. LEXIS 190855, at *3-4 (E.D. Ky. Feb. 9, 2016) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.")). "Additionally, petitioners may not raise arguments under Rule 59(e) that they failed to raise prior to the district court's order." *New London Tobacco*, 2016 U.S. Dist. LEXIS 190855, at *4 (citations omitted); *see also Browning v. Pennerton*, No. 7:08-

CV-88-KKC, 2008 U.S. Dist. LEXIS 90107, at *3 (E.D. Ky. October 24, 2008); *Electric Ins. Co. v. Freudenberg–Nok, General P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007). "Amending or altering a final judgment is an 'extraordinary' measure and motions requesting such amendment are 'sparingly granted.'" *New London Tobacco*, 2016 U.S. Dist. LEXIS 190855, at *4 (quoting *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 U.S. Dist. LEXIS 29881, at *4 (W.D. Ky. Apr. 19, 2007)).

Here, the Court finds no clear error of law, no newly discovered evidence, no intervening change in the law, and no manifest injustice to warrant amendment of the previous Order under Rule 59(e). With respect to his Sixth Amendment claim for denial of access to his attorney, Plaintiff merely reiterates the facts stated in his original and supplemental complaints. Therefore, relief under Rule 59(e) is not warranted on this claim.

Plaintiff argues for the first time in the instant motion that he was denied access to the courts causing his civil action which "challenge[d] his conditions of confinement" to be dismissed. He also refers to "equal protection of the law" under the Fourteenth Amendment. However, because Plaintiff failed to raise these claims before the dismissal of this suit, he cannot use Rule 59(e) "to advance positions that could have been argued earlier, but were not." *Id*. (quoting *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012)); *see also Banister v. Davis*, __ U.S. __, 140 S.Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.")

Even if Plaintiff had alleged these claims prior to the Court's dismissal, however, the claims would fail. Prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state

7

a viable claim for interference with his access to the courts, a plaintiff must show actual injury to nonfrivolous pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416. Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Plaintiff provides no facts in his motion for leave to amend the complaint to allege that the civil action he filed, which he states was an action seeking declaratory relief challenging his conviction for an institutional rule infraction, asserted a non-frivolous claim. Therefore, this claim would be subject to dismissal even if he had raised it prior to dismissal.

With regard to his reference to equal protection, even if Plaintiff could raise this new claim in a Rule 59(e) motion, the Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an

equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Even if Plaintiff had raised his equal protection claim prior to dismissal, the claim would still fail because he alleges no facts to support such a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (conclusory allegations are not sufficient to state a claim).

### III.

For the foregoing reasons, **IT IS ORDERED** that the motion for leave to amend the complaint after dismissal (DN 18) is **DENIED**.

Date: August 9, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010